HATTIE SAUMS, Employee, Plaintiff-Appellee v. RALEIGH COMMUNITY HOSPITAL, Employer, CONTINENTAL INSURANCE COMPANY (Continental Loss Adjusting, Adjusting Agent), Carrier; Defendant-Appellants

No. COA95-1303

(Filed 15 October 1996)

**Workers' Compensation § 234 (NCI4th)— return to work after injury—newly created job—presumption that job ordinarily available in competitive market**

The Industrial Commission erred in a workers' compensation action when finding petitioner entitled to temporary total disability compensation for a back injury by failing to give the employer the benefit of the presumption that a newly created job was ordinarily available in the competitive job market.

**Am Jur 2d, Workers' Compensation §§ 395, 397.**

Appeal by defendants from Opinion and Award for the Full Commission filed 22 August 1995. Heard in the Court of Appeals 28 August 1996.

*The Law Offices of John T. Orcutt, by John T. Orcutt, and The Law Offices of Nancy P. White, by Nancy P. White, for the plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Thomas M. Clare and Mallory A. Taylor, for defendant-appellants.*

GREENE, Judge.

Raleigh Community Hospital (employer) and Continental Insurance Company (Continental Insurance) (collectively defendants) appeal the award by the North Carolina Industrial Commission (the Commission) of ongoing total disability to Hattie Saums (Saums).

On 22 September 1989, Saums, a fifty-three-year-old female with a ninth-grade education, sustained an injury to her back arising out of her employment as a housekeeper with the employer. In November 1989, she underwent a lumbar laminectomy and a discectomy. She remained at home recovering from the operation until January 1990 when she had a subsequent re-exploratory surgery after reporting pain in her leg.

In March 1990, Saums was released by her orthopedic surgeon, Dr. David Fajgenbaum (Dr. Fajgenbaum), to return to work. She was restricted to not lifting more than thirty pounds and not climbing or crawling for any prolonged period. On 2 April 1990, Saums returned to her former position as a housekeeper. Two days later she reported to Dr. Fajgenbaum that she had begun experiencing back and hip pain. She did not return to work until 21 January 1991 after she had recovered from another surgery on her back. At this time she was offered the position of a quality control clerk (Clerk), "a new position created for [Saums'] return" to the employer. Duties assigned to that position included "office filing, answering the telephone, counting linen occasionally" and other general office duties. The job description for the position listed the "qualifications" of the position as a "high school education or equivalent." It further stated that the applicant "[m]ust be able to read and write and communicate in English."

From January 1991 until February 1992, Saums worked as a Clerk with only infrequent absences due to discomfort from her injury, however, she complained of increasing back pain. On 26 February 1992, Dr. Fajgenbaum performed another myelogram and the test did not reveal "any good reason" for Saums' continued complaints of severe pain. In a letter to the employer dated 5 May 1992, Dr. Fajgenbaum indicated that he could not "find any hard reason as to why this patient should not be allowed to return to the job that was created by you which would eliminate any strenuous activities." Saums, on February 1992, refused to return to her job as a Clerk.

In addition to findings reflecting the above undisputed facts, the Commission found as a fact that "[t]here is insufficient evidence . . . from which to determine . . . that the newly created job position . . . was ordinarily available in the competitive job market." Based on this finding, the Commission concluded that Saums was entitled to "temporary total disability compensation."

The issue is whether the Commission correctly placed the burden on the employer to show that the post-injury job offered to its employee is one available generally in the market.

An employee is entitled to compensation under the Workers' Compensation Act (Act) if there is an "incapacity because of injury to earn the wages which the employee was receiving at the time of

injury in the same or any other employment." N.C.G.S. § 97-2(9) (1991). Thus, an employee's "post-injury earning capacity is the determinative factor in assessing disability." *Tyndall v. Walter Kidde Co.*, 102 N.C. App. 726, 730, 403 S.E.2d 548, 550, *disc. rev. denied*, 329 N.C. 505, 407 S.E.2d 553 (1991). An employee's post-injury earnings create a rebuttable presumption of earning capacity commensurate with the post-injury earnings. *Id.* An employee may rebut this presumption by showing that the earnings are derived from a job, created by her employer, which is not "available generally in the market." *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 440, 342 S.E.2d 798, 807 (1986); *Tyndall*, 102 N.C. App. at 730, 403 S.E.2d at 550 (employee "may attempt to explain 'away the post-injury earnings as an unreliable basis for estimating capacity' "); *Arrington v. Texfi Industries*, 123 N.C. App. 476, 481, 473 S.E.2d 403, 407 (1996) (because employee offered no competent evidence that new position was "made work," earnings received from that job were "strong, if not conclusive, evidence of the employee's earning capacity").

In this case, the Commission failed to give the employer the benefit of the presumption that the newly created job of Clerk was ordinarily available in the competitive job market. Instead, the Commission placed the burden on the employer to show that the newly created job was ordinarily available in the competitive job market. This was error. The employer is entitled to the benefit of the presumption that the newly created job is of a type generally available in the market and the burden rests with Saums to rebut this presumption. Because the Commission misapplied these principles remand is necessary for the entry of a new Opinion and Award. *See* N.C.G.S. § 150B-51(b) (1995).

Reversed and remanded.

Judges JOHN and MARTIN, Mark D., concur.