RONALD McGEE, EMPLOYEE, PLAINTIFF v. ESTES EXPRESS LINES, EMPLOYER, AND PROGRESSIVE INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA96-401

(Filed 4 February 1997)

1. **Workers' Compensation § 230 (NCI4th)— earning capacity—ownership of business—involvement in management—marketable skills**

   An employee's earning capacity is based on his ability to command a regular income in the labor market. Thus employee ownership of a business can support a finding of earning capacity only to the extent the employee is actively involved in the personal management of the business and only to the extent that those management skills are marketable in the labor market.

   **Am Jur 2d, Workers' Compensation §§ 395-397.**

2. **Workers' Compensation § 230 (NCI4th)— temporary total disability—Form 21 agreement—denial of modification—wages earned improper basis**

   The Industrial Commission erred by denying defendant employer's request to modify disability payments required by a Form 21 agreement on the basis that defendant had not shown that plaintiff employee had earned any wages in a tax preparation business that he owned because plaintiff's continued entitlement to compensation benefits must be based on his post-injury earning capacity rather than on his post-injury wages.

   **Am Jur 2d, Workers' Compensation §§ 379, 395, 397.**

3. **Workers' Compensation § 254 (NCI4th)— temporary total disability—Form 21 agreement—presumption of continuing disability—burden of rebuttal**

   The employee has the benefit of a presumption of continuing total disability arising because of a Form 21 agreement, and the burden is on the employer to rebut that presumption. If it is determined that the employee has post-injury wages, a presumption arises that he has earning capacity consistent with those wages, which presumption is rebuttable by either party.

   **Am Jur 2d, Workers' Compensation §§ 397, 431.**

Appeal by defendants from Opinion and Award for the Full Commission entered 27 November 1995. Heard in the Court of Appeals 7 January 1997.

*Samuel H. Long, III, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Thomas W. Page and Jennifer Ingram Mitchell, for defendant-appellants.*

GREENE, Judge.

Estes Express Lines (the employer) and Progressive Insurance Company (carrier) (collectively defendants), appeal from Opinion and Award for the North Carolina Industrial Commission (the Commission) denying the defendants' request to terminate payment of temporary total disability benefits to Ronald McGee (employee) previously agreed to by the defendants and the employee in a Form 21 Agreement and approved by the Commission on 30 June 1992.

It is undisputed that on 3 January 1990 the employee sustained an injury to his right knee arising out of and in the course of his employment with employer. Prior to his injury the employee operated a tax-filing service out of his home as part-time secondary employment. After his injury the employee expanded his tax-filing service and rented an office space outside the home and employed others to work in the business. The employee works up to four to five hours a day in the business but has not received any wages from the business and minimal distribution of profits.

Upon the request of the defendants, the Commission conducted a hearing to determine whether the employee's disability was continuing. The defendants argued that the employee was no longer disabled because he was engaged in gainful employment as the owner of a tax preparation business. The Commission concluded that the defendants "did not meet their burden of proof in establishing that [the employee] is actually earning wages and is gainfully employed" and ordered that the defendants continue to pay temporary total disability benefits to the employee "until further order of the Commission, or [the employee] returns to work earning the same or greater wages."

The dispositive issue is whether an employee continues to be disabled, within the meaning of N.C. Gen. Stat. § 97-2(9), if he actively engages in a business owned by him.

McGEE v. ESTES EXPRESS LINES

[125 N.C. App. 298 (1997)]

When any of the parties to a Form 21 Agreement "disagree as to the continuance of any weekly payment under such agreement, either party may make application to the . . . Commission for a hearing." N.C.G.S. § 97-83 (1991); *see Worker's Compensation Rules of the Industrial Commission* Rule 404. If the disagreement relates to the continued disability of the employee, the Commission must resolve that issue based on the evidence presented and determine if the employee is capable of earning the same wages he had earned before his injury in the same or other employment. *See Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982); N.C.G.S. § 97-2(9) (1991) (defining disability). It is an employee's "post-injury earning capacity" rather than an employee's *actual wages* which are relevant in assessing the disability. *Saums v. Raleigh Community Hosp.*, 124 N.C. App. 219, 221, 476 S.E.2d 372, 374 (1996). If the employee has the capacity to earn some wages, but less than he was earning at the time of the injury, he is entitled to partial disability benefits under section 97-30. *Gupton v. Builders Transp.*, 320 N.C. 38, 42, 357 S.E.2d 674, 678 (1987). If the employee's earning capacity has been "totally obliterated," he is entitled to benefits under section 97-29. *Id.*

[1] An employee's earning capacity must be measured "by the employee's own ability to compete in the labor market." *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 437, 342 S.E.2d 798, 805 (1986). In other words, an employee's earning capacity is based on his ability to command a regular income in the labor market. *See Larson's Workmen's Compensation Law* § 57.51(e) (1996). Thus employee ownership of a business can support a finding of earning capacity only to the extent the employee is actively involved in the personal management of that business and only to the extent that those management skills are marketable in the labor market. *Id.* (income received from business owned by employee cannot be used to reduce a previously established disability unless the income is the "direct result of the [employee's] personal management and endeavor"); *Peoples,* 316 N.C. at 438, 342 S.E.2d at 806 (emphasizing importance of employee's ability "to earn wages competitively").

[2] In this case, the Commission denied the defendants' section 97-83 request to modify the disability payments on the basis that the defendants had not shown that the employee had earned any wages from his business. Because the employee's continued entitlement to benefits must be based on his post-injury earning capacity, not his post-injury wages, the Commission erred. Accordingly, this case must

be remanded to the Commission for reconsideration. On remand the Commission must determine the employee's earning capacity based on the principles stated in this opinion.

[3] On remand the Commission shall receive new evidence, if tendered by either party. We note that because the employee has the benefit of a presumption of total disability arising because of the Form 21 Agreement, *Franklin v. Broyhill Furniture Indus.*, 123 N.C. App. 200, 205, 472 S.E.2d 382, 386 (1996), the burden on remand must rest with the defendants to rebut that presumption. In the event it is determined that the employee has post-injury wages, a presumption shall arise that he has earning capacity consistent with those wages, *Tyndall v. Walter Kidde Co.*, 102 N.C. App. 726, 730, 403 S.E.2d 548, 550, *disc. rev. denied*, 329 N.C. 505, 407 S.E.2d 553 (1991), which presumption is rebuttable by either party. *Id.*

Reversed and remanded.

Judges EAGLES and MARTIN, John C., concur.