I respectfully dissent from the majority decision to reverse Deputy Commissioner Kim Cramer's Opinion and Award in the instant matter on the grounds that the deputy commissioner correctly analyzed plaintiff's credibility and the competent evidence in this case, applied the appropriate law, and came to the conclusion mandated by the evidence; that plaintiff has wage earning capacity and is not entitled to additional compensation.
Deputy Commissioner Cramer found plaintiff not to be credible. Deputy Commissioner Cramer had the opportunity to observe plaintiff first hand and had a wealth of evidence which clearly questions plaintiff's credibility. The Court of Appeals recently stressed the importance of giving deference to the credibility findings of deputy commissioners:
 While the Commission is entitled to overrule the deputy commissioner's ruling on credibility, its determination cannot be made lightly when the deputy commissioner is the only person who has observed the witnesses. Credibility can be decisive in deciding a party's success or failure. Our holding today recognizes this fact and reinforces the widely held belief that credibility is best judged by those who are present when the record is made.
Sanders v. Broyhill Furniture Industries, 124 N.C. App. 637,478 S.E.2d 223 (1996).
Based upon statements of plaintiff and his wife, the majority dismisses Deputy Commissioner Cramer's credibility findings and finds plaintiff's claim that he is incapable of work despite overwhelming evidence of plaintiff opening and actively operating a business. Plaintiff claims he is incapable of work despite evidence showing that plaintiff applied for and received business permits and licenses in his name; signed business checks; was identified as the business owner by employees; and was videotaped managing the business and performing a variety of tasks at the business on a number of occasions. Plaintiff later transferred the assets of the business into his wife's name although she had no experience in this type business, held a non-related job elsewhere, and never actively worked at this business. Plaintiff claimed he purchased the licenses just to get "out of the house;" claimed the video just showed him on the business premises alone during business hours "hanging around;" and that he did not receive compensation. Deputy Commissioner Cramer had ample reason to not find plaintiff credible.
As Deputy Commissioner Cramer found, defendant clearly met its burden of showing that plaintiff has wage earning capacity. There is abundant evidence in the record that plaintiff was fully capable of performing the duties of a business owner and an employee. Although plaintiff claims he received no compensation, which is highly suspect, "it is the employee's post-injury earning capacity rather than an employee's actual wages which are relevant in assessing the disability." McGee v. Estes Express Lines,125 N.C. App. 298, 480 S.E.2d 416 (1997); Tyndall v. Walter Kidde Co.,102 N.C. App. 726, 403 S.E.2d 548, rev. denied, 329 N.C. 505,407 S.E.2d 553 (1991).
For the foregoing reasons, I respectfully dissent.
This is the 3rd of September 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER