The undersigned have reviewed the Decision of the N.C. Court of Appeals filed February 4, 1997, 480 S.E.2d 416 (1997), the Commission's record and file in this case, including but not limited to the record of the hearing before then-Deputy Commissioner Bernadine Ballance, and the motions pending herein since June of 1996 from the Plaintiff-Employee and his attorney, Defendant's letter of May 7, 1997 requesting a hearing. Pursuant to Rule 701 of the North Carolina Workers Compensation Rules the Commission will review this matter without further hearing. From the record the Commission finds the facts as follows:
STIPULATIONS
1. At the time this claim arose the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between defendant-employer and plaintiff on January 3, 1990.
3. The Carrier on the risk of all times relevant was Progressive Insurance Company.
******************
Based on the competent evidence of record the undersigned makes the following additional findings of fact:
FINDINGS OF FACT
1. On January 3, 1990 plaintiff sustained an admittedly compensable injury arising out of and in the course and scope of his employment with defendant-employer. That injury ultimately resulted, inter alia, in surgery on plaintiff's right knee.
2. The defendants filed a Form 21 — Agreement for Compensation for Disability — in which the insurance carrier undertook to pay plaintiff $390.00 per week beginning January 3, 1990 and continuing for the "necessary weeks," as temporary total disability compensation for said injury to plaintiff's right knee.
3. On three separate occasions, defendants filed Forms 24 Application of Employer or Insurance Carrier to Stop Payment of Compensation — alleging that plaintiff was engaged in gainful employment by way of owning a tax preparation business. All of the requests to stop payment were denied by the Commission.
4. Defendants filed a Form 33 requesting a hearing upon their contentions that the Forms 24 had been improperly denied and that defendants are entitled to a credit for all temporary total disability benefits paid to plaintiff while he was allegedly gainfully employed as an accountant.
5. After discovery by defendants a hearing was conducted on April 14, 1994 by then-Deputy Commissioner Bernadine Ballance.
6. Plaintiff started a part-time accounting/tax preparation service in 1977. He operated that business out of his home when he was not working at his full-time job as a truck driver. Plaintiff was working for defendant Estes when he was injured in January of 1990. Thereafter he hired part-time and, later, full-time employees to work in the business. Eventually he moved the business out of his home and into rented office space. Plaintiff continues to own the business and to operate the business with full and part-time employees. The number of employees varies based upon the tax season.
7. At the hearing, defendants presented plaintiff's income tax returns for several years which showed minimal profits for the business in some years and losses in other years, but there was no evidence of any wages earned by the plaintiff from working in the business nor was there any valid post-injury earning capacity evidence presented.
8. At the hearing the defendants presented no evidence that the plaintiff has any wage or post-injury earning capacity at the accounting business or at any other business or occupation. All the evidence was that plaintiff does what he does by way of supervising his employees on a part-time basis solely because and by the virtue of the fact that he is the owner of that business — and not in any capacity as an employee of the business. There is no evidence that plaintiff is employable in a comparable capacity in the general work force or labor market.
9. At the time of the hearing before then-Deputy Commissioner Ballance, plaintiff had not reached maximum medical improvement, was still under a doctor's care, and had not returned to employment with the defendant-employer or any other employer.
10. In the March 30, 1995 Order of then-Deputy Commissioner Ballance, the denials of the Carrier's Forms 24 were affirmed and the Carrier was ordered to pay to plaintiff's attorney one out of every four weekly compensation payments which the Carrier owed to the plaintiff by reason of the Form 21 Agreement, said payments to be partial payment to the attorney for his representation of the plaintiff.
11. The Carrier appealed former Deputy Commissioner Ballance's Order to the Full Commission. Both sides presented Briefs to the Commission.
12. In the Opinion and Award of this Commissioner filed November 27, 1995, the Order of former Deputy Commissioner Ballance was affirmed and the Carrier again was ordered to pay the plaintiff's attorney one out of every four weekly compensation checks as partial payment for his representation of the plaintiff.
13. The defendants appealed the Commission's Order of November 27, 1995 to the N.C. Court of Appeals.
14. On June 18, 1996 the plaintiff's attorney filed with the Commission, and served upon the Carrier, a Motion stating, interalia, that the Carrier had continued to fail and refuses to send any of the weekly compensation payments to plaintiff's attorney as attorney fees pursuant to the orders of former Deputy Commissioner Ballance and the Full Commission but that the Carrier was sending every weekly compensation check to the plaintiff. The Carrier has never responded to that Motion.
15. By Motion filed April 25, 1997 the attorney for the plaintiff again advised the Commission that the Carrier had continued to fail and refused to send every fourth weekly compensation payment to the attorney as attorney fees but that beginning with the first week of April of 1997 the Carrier had begun to send every weekly compensation check to the attorney, thereby sending nothing to the employee/plaintiff.
16. The Carrier did not seek nor obtain permission from the Commission either not to send every fourth weekly compensation check to the plaintiff's attorney nor to send every weekly compensation check to the plaintiff's attorney beginning in April of 1997.
17. The Carrier has never been authorized to stop paying three out of every four weekly compensation payments to the plaintiff pursuant to the filed Form 21 and the two Orders of this Commission dealing with attorney fees for plaintiff's attorney.
18. The Carrier has failed and refused to comply with two (2) prior orders in this case to pay every fourth weekly compensation payment to the plaintiff's attorney.
19. From April of 1995 through August of 1997 the Carrier should have paid to plaintiff's attorney at least $12,480.00 ($390.00 per week x 32 payments = $12,480.00).
20. The plaintiff's attorney has never been authorized to receive anything other than one out of every four weekly compensation payments as partial payment for his representation of the plaintiff.
21. Through August of 1997 the Carrier owes to plaintiff's attorney the net sum of $10,140 in attorney fees (April 1995 — August 1997 = $390.00 x 32 payments (1 of every 4 weeks) = $12,480.00, less 6 payments during April 1997 — August 1997 = 6 x $390.00 = $2,340.00. $12,480 — $2,340 = $10,140 still due to plaintiff's attorney).
22. Plaintiff's attorney, by motion filed April 25, 1997, moved the Commission pursuant to G.S. 97-88 for an award of attorney fees for his services to the plaintiff associated with litigating the defendant's appeal of the Commission's November 1995 Order to the N.C. Court of Appeal. The defendants have not responded to that motion.
23. The appeal of the Commission's November 25, 1995 Opinion and Award to the N.C. Court of Appeals was brought by the insurance carrier. Subsequent to that appeal and after this review by the Commission upon remand from the Court of Appeals, the insurer continues to be obligated to pay benefits to the plaintiff, including compensation from medical expenses.
24. Pursuant to N.C.G.S. 97-88 the plaintiff's attorney is entitled to an order requiring the insurance carrier to pay plaintiff's attorney fees for attorney representation of plaintiff before the Court of Appeals. The Commission finds that plaintiff's attorney prepared a Motion and brief upon the issue of interlocutory appeal, he prepared a brief for plaintiff on the case in chief, and he argued the case before the Court of Appeals. In accordance with prior practice the Commission finds that a fee of $4,200.00 is reasonable for the services of plaintiff's attorney in connection with the appeal to the N.C. Court of Appeals.
25. Other issues have been raised by Motion of the plaintiff's attorney but the Commission need not and will not deal with all pending motions and issues in this Order.
******************
Based upon the foregoing Findings of Fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff suffered an admittedly compensable injury on January 3, 1990 arising out of and in the course and scope of his employment with defendant-employer. N.C.G.S. 97-2(6).
2. Defendants did not meet their burden of proof in establishing that plaintiff has an earning capacity. People vs.Cones Mills Corp., 316 N.C. 426, 427, 342, S.E.2d 798, 805 (1986).
3. The Form 24's previously filed by defendants were properly denied by the Commission and therefore plaintiff's temporary total disability payments should not be terminated, and defendants are not entitled to a credit for payments made to plaintiff. N.C.G.S. Sec. 97-42.
IT IS THEREFORE ORDERED that the Form 24's previously filed by defendants were properly denied and defendants' request to terminate further payment to plaintiff of temporary total disability benefits is hereby DENIED. Defendants shall continue to pay temporary total disability benefits to plaintiff for his compensable injury suffered on January 3, 1990 until further orders of the Commission, or plaintiff returns to work earning the same or greater wages.
4. Without offering any reason or excuse, and without any authorization, the insurance carrier has failed wrongfully to comply with two prior orders of this Commission to pay one out of every four weekly compensation payments to the plaintiff's attorney as partial attorney fees for his representation of plaintiff before the Commission through the issuance of the Commission's November 27, 1995 Opinion and Award. To the extent that it has not paid to plaintiff's attorney what it should have paid to him the carrier should be ordered to pay the same now out of the Carrier's funds. N.C.G.S. 97-88.
5. Plaintiff is eligible and entitled to have his attorney fees incurred in connection with the defendant's appeal to the N.C. Court of Appeals paid by the insurance carrier pursuant to G.S. 97-88.
6. The Commission shall reserve for further determination other pending motions of the plaintiff including but not limited to the imposition of sanctions pursuant to I.C. Rule 802.
******************
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
ORDER
1. IT IS THEREFORE ORDERED that the Form 24's previously filed by the defendants were properly denied and the defendant's request to terminate further payment to plaintiff of temporary total disability benefits is hereby DENIED. Defendants shall continue to pay temporary total disability benefits to plaintiff for his compensable injuries suffered January 3, 1990 until further orders of the Commission or until plaintiff returns to work earning the same or greater wages.
2. IT IS FURTHER ORDERED that defendants' request for a credit for temporary total disability payments previously paid to plaintiff is DENIED.
3. The defendant insurer shall pay to plaintiff's attorney the sum of $10,140.00 from the Carrier's funds as a result of its failure to pay plaintiff's attorney every fourth check as required by two prior Orders. The $10,140.00 is for the period April, 1995 through August, 1997 and assumes a credit for $2,340.00 paid to the plaintiff's attorney from April 1997 through August 1997. That payment shall be paid in a lump sum directly to plaintiff's attorney of record, Samuel H. Long, III. This payment shall not be taken from or charged against any weekly compensation payments otherwise payable to the plaintiff-employee. N.C.G.S. 97-88.
4. Any weekly compensation payments which have been paid to plaintiff's attorney in excess of the $2,340.00 properly paid to him from April, 1997 through August, 1997 shall be paid over by plaintiff's attorney to the plaintiff if plaintiff's attorney has not already done so. N.C.G.S. 97-88.
5. Beginning with any weekly compensation payments due to plaintiff after September 1, 1997, the Carrier shall pay one out of every four payments directly to plaintiff's attorney as partial attorney fees until further Order of the Commission.
6. The insurance carrier shall pay to plaintiff's attorney within fifteen (15) days after the filing of this Order the sum of $4,200.00 as fees for his representation of plaintiff before the Court of Appeals. N.C.G.S. 97-88.
7. All pending motions and matters not specifically dealt with by this order, including but not limited to the matter of sanctions against the defendants, is reserved for future determination.
8. Defendants shall pay the costs due this Commission.
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/db