I respectfully dissent from the majority decision to affirm the Deputy Commissioners Opinion and Award in this case.
I disagree with the majority determination that there is sufficient evidence of record to show that plaintiff has sufficient skills as a manager to obtain work in the general marketplace, or that he is now capable of earning wages equal to or greater than his pre-injury wages.
There is no question that plaintiff was disabled following the surgical reconstruction of his anterior cruciate ligament. As the majority Opinion and Award states, as late as October 1998, plaintiff was not able to work in a job that required him to stand for long periods of time, and he had significant work restrictions. (Finding of Fact #17). Further, plaintiff has sustained a 25% permanent partial disability of his right leg, (Finding of Fact #25), and has a substantial risk of requiring future medical treatment for his leg condition. (Finding of Fact #26). Despite this, the majority finds that plaintiff is no longer disabled solely on the evidence that he spends some time operating his own business which the undersigned does not believe demonstrates a level of earning capacity sufficient to deny plaintiff further benefits.
In Finding of Fact #20, the majority states that "[p]laintiff is capable of earning wages as a business manager because he has the skills to develop and operate his own business, and he held a responsible managerial position in his employment with defendant-employer. As the majority finds, the position plaintiff held with defendant-employer was that of assistant general manager, and consisted primarily of filling in for every other position in the restaurant with brief periods of paperwork. (Finding of Fact #2). The position required plaintiff to spend most of his shift on his feet, which has been established is now beyond his physical capabilities. (Finding of Fact #17). The majority relies most upon plaintiffs establishment of a business to demonstrate his skills as a manager, but there is no evidence of what skills utilized by plaintiff would be transferable to real jobs in the competitive marketplace. The fact that someone starts his own business and manages it through trial and error, at his own speed, and under his own supervision, does not establish a level of skills which would automatically render him capable of obtaining a position running a business for another. Further, the evidence establishes that plaintiff does not work at his business on a full-time basis, nor does it establish that he is capable of working at his business on a full-time basis. (Finding of Fact #15). Accordingly, it has not been shown that plaintiff is capable of working full-time even in a managerial position.
Plaintiff has proven by the greater weight of the evidence that due to his injury and an unrelated ankle problem he was physically incapable of returning to his pre-injury job duties, that he has a permanent impairment to his leg, and that as of the date he reached maximum medical improvement on 14 November 1996 and continuing through and after October 1998, he could only do sedentary work. Plaintiffs prior work history which consisted mainly of working in a restaurant in all positions, including cooking and briefly driving a delivery truck was not sedentary employment. Plaintiff has a GED and no further formal educational training. Therefore, plaintiff has met his burden of proving continuing disability after maximum medical improvement. Defendant has not met its burden to prove that, despite his physical limitations, medical restrictions, his limited education, and his prior work history which consisted primarily of manual labor, plaintiff is capable of working and earning the wages he was receiving at the time of injury in suitable, sedentary employment.
Defendant has only shown that plaintiff has done some work in his own business. Plaintiff has proven that although the work he does in his own business is sedentary, he is able to work at his own pace, that sometimes he is unable to work at all due to pain, that he takes prescription medications for pain day and night, and that approximately four months prior to hearing before the Deputy Commissioner he became physically unable to perform sales, contracting, obtaining job quotes or bids and some of the other functions that he had ordinarily handled. Defendant has not provided plaintiff with vocational assistance to help him locate a suitable, sedentary job. Through his own initiative plaintiff borrowed money from parents and utilized his own money to start a guttering and roofing business, initially with a neighbor. He had no training in guttering, roofing or managing a business in November 1996 when he got started in the business.
The evidence does not establish that plaintiff is capable of earning his pre-injury wages. The majority acknowledges that the records of plaintiffs business "do not indicate plaintiffs actual wage earning capacity, (Finding of Fact #13), and there is no other evidence presented which would provide such an indication. The only evidence of the earnings of plaintiffs own business is "gross receipts from sales based on the efforts of all employees before business expenses are deducted. Absent competent evidence of plaintiffs actual wage earning capacity, the Commission cannot presume that it is equal to or greater than that which existed prior to his injury, especially when that presumption is based upon an unsupported finding that plaintiff possesses the skills necessary to obtain a position in the general marketplace.
Defendant has not proven that any money plaintiff may have earned from his business or that his work in his business demonstrated an ability to compete with others for wages in the competitive job market. An injured employees earning capacity may only be evaluated "by the employees own ability to compete in the labor market. If post-injury earnings do not reflect this ability to compete with others for wages, they are not a proper measure of earning capacity. Peoples v. Cone Mills Corp.,316 N.C. 426, 437, 342 S.E.2d 798, 805-06 (1986). The employees age, education, and work experience are factors which are to be considered when determining his or her capacity to earn wages. See Little v. AnsonCounty Sch. Food Serv., 295 N.C. 527, 246 S.E.2d 743 (1978). An employees earning capacity is based upon his ability to earn a regular income in the labor market. See Larsons Workmens Compensation Law 57.51(e) (1996). Accordingly, an employees ownership of a business is only indicative of earning capacity to the extent that the employee is actively and personally involved in the management of that business and then only to the extent that those management skills are marketable in the labor market. Id. See also, Peoples, 316 N.C. at 438, 342 S.E.2d at 806 (income received from business owned by employee cannot be used to reduce a previously established disability unless the income is the "direct result of the [employees] personal management and endeavors); McGee v. EstesExpress Lines, 125 N.C. App. 298, 300, 480 S.E.2d 416, 418 (1997) (emphasizing the importance of an employees ability to earn wages competitively). Therefore, an employees earning capacity through self-employment is limited to those situations in which the employee (1) is actively involved in the management of the business, and (2) possesses management skills which would enable him to compete in the competitive job market. Lanning v. Fieldcrest-Cannon, Inc., 352 N.C. 98, 530 S.E.2d 54
(2000). The determinative issue is whether the skills used by the employee in the furtherance of the operation of his business, considered in conjunction with his impairment, age, education and experience, would enable the employee to compete in the open labor market. Id. Plaintiff in this case was actively involved in the business as his physical condition permitted, but his activity level had diminished tremendously by the time of the hearing before the Deputy Commissioner in May 1999. The skills used by plaintiff in the operation of his business, when considered in conjunction with his past work experience, his impairment, his education, and his current physical limitations, would not enable plaintiff to compete in the open labor market for suitable employment based on these skills.
For these reasons, I vote to reverse the Opinion and Award of the Deputy Commissioner and continue plaintiffs disability compensation until sufficient evidence is presented that suitable jobs are available to plaintiff, that he is capable of obtaining such employment, and that his earning capacity has reached the level of his pre-injury wages. In the alternative, plaintiff is at least entitled to partial disability benefits based upon the difference between his pre-injury wage and his current earnings which arguably could be considered as evidence of wage earning capacity, pursuant to N.C. Gen. Stat. 97-30.
This the ___ day of June, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER