***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before former Deputy Commissioner Pamela T. Young, and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the prior Opinion and Award, enters the following Opinion and Award, and Remands this case to a Deputy Commissioner for a hearing not inconsistent with this Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner on 25 January 2001 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between the plaintiff-employee and the defendant-employer at all relevant times herein.
3. Claims Consulting Associates, Inc. was the carrier on the risk at all times relevant herein.
4. An Industrial Commission Form 60 was filed by Shelby Insurance Company on 23 July 1999 accepting the compensability of the claim.
5. The plaintiff's average weekly wage on the dates relevant herein was $650.00, yielding a compensation rate of $433.36.
6. Temporary total disability benefits were paid to the plaintiff commencing on 22 June 1999.
7. On or about 15 September 2000, the defendants filed an Industrial Commission Form 24 Application to Terminate Compensation. Thereafter, a telephonic informal hearing was conducted on 23 October 2000, and the defendant's Form 24 Application was approved.
8. The parties stipulated into evidence a packet of records including Industrial Commission forms; the parties stipulated to the plaintiff's medical records from Dr. Rice at the Sandhills Orthopaedic and Spine Clinic, Pinehurst Rehabilitation Center, University of North Carolina Hospitals, Pinehurst Neurology, and Moore Regional Hospital.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 1 April 1998, the plaintiff was employed by the defendant-employer as an auto mechanic. On that date, the plaintiff sustained a compensable injury to his right shoulder as a result of a motor vehicle accident. The compensability of this incident was admitted by the defendants through the filing of an Industrial Commission Form 60.
2. Following the incident, the plaintiff received treatment from Dr. James Rice, an orthopaedist. Initially, Dr. Rice treated the plaintiff conservatively. During the period in which he was receiving conservative treatment, the plaintiff continued to work for the defendant-employer. The plaintiff worked in this capacity until 22 June 1999, at which time Dr. Rice performed a distal clavicle resection with anterior acromioplasty. As a result of the surgery, Dr. Rice removed the plaintiff from work. Subsequent to the surgery, the plaintiff has not returned to work with the defendant-employer.
3. On 22 June 1999, the plaintiff began receiving ongoing total disability compensation from the defendants. The plaintiff continued to receive these benefits until 15 September 2000.
4. On 20 September 1999, Dr. Rice released the plaintiff to return to light duty work. Thereafter, the plaintiff was again removed from work by Dr. Rice from 8 November 1999 to 6 December 1999. The plaintiff was then released by Dr. Rice to return to work with a fifty (50) pound lifting restriction subsequent to 6 December 1999.
5. On 17 January 2000, Dr. Rice opined that the plaintiff had reached maximum medical improvement, and assigned the plaintiff a fifteen percent (15%) permanent partial disability rating for the right shoulder. At that time, Dr. Rice also restricted the plaintiff from ever lifting items greater than forty (40) pounds, and restricted his lifting of items weighing thirty (30) pounds to an occasional basis only.
6. On 13 January 2000, the plaintiff underwent a functional capacity evaluation by Andrea Lee, a physical therapist at Pinehurst Rehabilitation Center. The results of this evaluation indicated that the plaintiff was able to return to work as an auto mechanic. However, given the plaintiff's work restrictions as assigned by Dr. Rice, and a 25 February 2000 rehabilitation progress report regarding the unavailability of suitable light duty work, the Full Commission gives no weight to the results of this functional capacity evaluation.
7. Subsequent to being released by Dr. Rice, the plaintiff was not offered any suitable work by the defendant-employer.
8. On 15 January 2001, on his own, the plaintiff located and began work with Cylinder Head Rebuilding in Laurinburg. For this employer, at the time of the hearing before the Deputy Commissioner, the plaintiff was earning $10.00 per hour, as compared to the $16.75 he was earning while working for the defendant-employer. As of the hearing on 25 January 2001, the plaintiff believed that this new employment would consist mostly of supervisory duties, but would also require some lifting. The plaintiff was unsure as to whether he was going to be able to continue working in that capacity. Based upon the available evidence regarding this position, the Full Commission finds that the record is insufficient upon which to find that this job with Cylinder Head Rebuilding was suitable given the plaintiff's permanent work restrictions.
9. At the hearing before the Deputy Commissioner, evidence was presented regarding work performed by the plaintiff for the Southern Pines Volunteer Fire Department from 22 June 1999 to 7 June 2000. Mr. Ricky Baker, Fire Chief of Southern Pines, testified that The plaintiff received $7.00 per call that he responded to. However, according to chief Baker, this amount was considered to be reimbursement for expenses and, therefore, is not considered as wages by the Full Commission.
10. The plaintiff also earned some wages performing work for Becca Auto from 1 March 2000 to 15 August 2000. During that five month period, the plaintiff received $1,759.20. The mechanic-type work the plaintiff did during this period was at a reduced pace as compared to the manner in which he was required to work for the defendant-employer. The time it took for the plaintiff to complete even a minor repair job was much longer than it had been prior to his injury by accident.
11. Regarding the limited work performed during the period of 1 March 2000 to 15 August 2000, the Full Commission finds that wages earned from this work are not indicative of the plaintiff's true wage-earning capacity.
12. Based upon the totality of the credible evidence of record, the Full Commission finds that the defendants' Form 24 Application was improvidently approved, and that benefits should not have been terminated as of 15 September 2000.
13. On 1 April 1998, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer.
14. A finding that the plaintiff has reached maximum medical improvement is not the equivalent of a finding that the plaintiff has the capacity to earn the wages he earned prior to his injury.
15. As the result of his 1 April 1998, injury by accident, the plaintiff was unable to earn any wages in any employment for the period of 15 September 2000 through 15 January 2001. Subsequent to 15 January 2001, the evidence is insufficient upon which to enter a finding as to what disability, if any, the plaintiff retained as the result of his injury by accident.
 ***********
Based on the foregoing findings of facts, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 1 April 1998, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer. G.S. § 97-2(6).
2. A finding that the employee has reached maximum medical improvement is not the equivalent of a finding that the employee is able to earn the same wages earned prior to injury. Knight v. Wal-MartStores, Inc., ___ N.C. App. ___, 562 S.E.2d 434 (2002).
3 The wages earned by the plaintiff during the period of 1 March 2000 to 15 August 2000 are not indicative of the availability of suitable employment, or of the plaintiff's true wage-earning capacity. See,e.g., McGeee v. Estes Express Lines, 125 N.C. App. 298, 480 S.E.2d 416
(1997).
4. As a result of his 1 April 1998, injury by accident, the plaintiff is entitled to be paid by the defendants total disability compensation at the rate of $433.36 per week for the period of 15 September 2000 through 15 January 2001. G.S. § 97-29.
5. As a result of his 1 April 1998, injury by accident, the plaintiff is entitled to have the defendants pay for all related medical expenses incurred, or to be incurred. G.S. § 97-25; G.S. § 97-25.1.
 ***********
Based upon the foregoing findings of facts and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. The defendants shall pay to the plaintiff total disability compensation at the rate of $433.36 per week for the period 15 September 2000 through 15 January 2001. Having accrued, this compensation shall be paid to the plaintiff in a lump sum, subject to the attorney's fee approved herein.
2. The defendants shall pay for all related medical expenses incurred, or to be incurred as the result of the plaintiff's 1 April 1998 injury by accident.
3. A reasonable attorneys fee of twenty-five percent (25%) of the compensation awarded to the plaintiff herein is approved for counsel for the plaintiff. From the compensation having accrued, this fee shall be deducted from the amounts due the plaintiff, and paid directly to counsel for the plaintiff, with counsel for the plaintiff receiving every fourth check thereafter.
4. The defendants shall pay the costs.
 *********** ORDER
IT IS HEREBY ORDERED that this matter is REMANDED to a Deputy Commissioner for an evidentiary hearing on the issue of what disability, if any, the plaintiff retained subsequent to 15 January 2001 as the result of his 1 April 1998 injury by accident.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER