***********
The Full Commission has reviewed the Opinion and Award based upon the record of the proceedings before Deputy Commissioner DeLuca, and the briefs and arguments of the parties. Having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner DeLuca, and enters the following Opinion and Award. *Page 2 
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between Plaintiff and Defendant-Employer.
3. The Hartford was the carrier on the risk for Defendant-Employer.
4. Various medical records and other documents encompassing pages 1-129 have been stipulated into evidence pursuant to the Pre-Trial Agreement as stipulated exhibit 1. Plaintiff's exhibits 1-3 were also admitted into evidence. Defendants' exhibit 1, the second version of Form 22, was also admitted into the record.
 *********** ISSUES
The issues to be determined are:
1. Whether Plaintiff suffered a compensable injury on June 29, 2007?
2. If so, what are the benefits, if any, to which Plaintiff is entitled?
 ***********
Based upon all of the competent and credible evidence in the record, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. Plaintiff was born on May 3, 1970. She obtained a GED and completed a number of computer classes at Central Piedmont Community College. Prior to working for Defendant-Employer, Plaintiff had worked in a warehouse, a convenience store, and in the food service industry.
2. Plaintiff was working for Defendant-Employer on June 29, 2007 as a delivery driver. On that date, Plaintiff was driving Defendant-Employer's van to make a delivery when she was forced to brake suddenly to avoid hitting a vehicle that pulled out in front her.
3. Plaintiff alleges that this caused the cargo in the back of the van to shift forward and hit the back of the driver's seat, resulting in injury to her back, however, this testimony is not accepted by the Full Commission as credible. The competent, credible evidence shows that a metal cage was bolted into the interior of the van directly behind the driver's seat to prevent cargo in the back of the van from making contact with the driver's seat, and that the driver's seat does not touch the metal cage, even when fully reclined. In addition, no dent was observed in the cage following the near accident. Further, contrary to Plaintiff's allegations, it was established that six cases of oil, two battery cores, a pallet, a hand truck, and a few cases of filters were located in the back of the van when the near accident occurred. These materials constituted a relatively light load compared to loads typically carried in the van.
4. Plaintiff called her direct supervisor, Rosemary Lindsey, from the gas station following the near accident, however, Plaintiff did not report any injuries. In fact, Ms. Lindsey offered to send Plaintiff to a physician, but Plaintiff refused treatment.
5. On July 5, 2007, Plaintiff presented to Randolph Urgent Care complaining of back pain and fatigue. She informed the treating physician that she had been experiencing *Page 4 
constant pain in the middle of her back for two months, however, she did not mention the near accident of June 29, 2007.
6. When questioned about this at the hearing, Plaintiff admitted to contacting various physicians' offices in an effort to have information concerning the June 29, 2007 near accident added to her medical records. The physicians refused to alter the records.
7. After an x-ray of Plaintiff's spine showed normal height and alignment with mild degenerative changes and bilateral lumbosacral pseudoarthrosis, Plaintiff was diagnosed with back pain and anxiety and was instructed to remain out of work through July 9, 2007.
8. Plaintiff followed up on her visit to Urgent Care by treating at Charlotte Primary Care on July 9, 2007. Again, Plaintiff made no mention of the near accident of June 29, 2007. Plaintiff was diagnosed with back pain and lumbar strain and was provided with an out of work note through July 16, 2007.
9. When Plaintiff returned to work on July 12, 2007, she was instructed by Defendant-Employer not to drive to ensure that she was working within restrictions assigned by her physicians. By Plaintiff's own admission, when Ms. Lindsey instructed Plaintiff to perform a task on July 12, 2007, Plaintiff used profanity towards Ms. Lindsey. Plaintiff was asked to leave for the day and was terminated from her employment for insubordination the following day.
10. The first mention by Plaintiff of the near accident of June 29, 2007 to a medical provider did not occur until August 16, 2007, over one month after the near accident and Plaintiff's termination. On that date, Plaintiff returned to Charlotte Primary Care complaining of back pain which began in May 2007. *Page 5 
11. The medical record reflects that Plaintiff complained that her back pain worsened on June 29, 2007 when equipment in the back of the van she was driving shifted forward resulting in contact with the driver's seat. The record also reflects Plaintiff's allegation that the equipment in the back of the van weighed four-hundred pounds. Plaintiff was diagnosed with low back pain.
12. Between August 16, 2007 and January 15, 2008 Plaintiff received five massages from Body Restoration as treatment for back pain.
13. Plaintiff presented to Presbyterian Hospital in Huntersville on September 6, 2007. Her chief complaint at this time was back pain and bilateral leg pain. On this occasion, Plaintiff noted that five-hundred pounds of material hit the back of the cage behind the driver's seat on the day of the near accident. Plaintiff was instructed to perform only light lifting, to obtain rest, and to stay out of work for three days.
14. Plaintiff's last treatment was at Charlotte Primary Care on April 1, 2008. On this occasion, Plaintiff was diagnosed with low back pain, knee pain, and tobacco abuse. She was instructed to follow up in three to six months.
15. Plaintiff was employed by Resources Employment Services as a receptionist for a trucking company from January 29, 2008 until March 21, 2008, at which time the position ended due to Plaintiff's excessive absenteeism related to back pain.
16. There is insufficient evidence of record from which to determine by its greater weight that Plaintiff sustained an injury by accident on June 29, 2007, or that any inability to earn wages on the part of Plaintiff is as a result of the near accident of June 29, 2007.
 *********** *Page 6 
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. A fundamental tenant of worker's compensation law in North Carolina is that the employee has "the burden of proving that his claim is compensable." Henry v. A.C.Lawrence Leather Company,231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950). "An employee seeking compensation under the Workers' Compensation Act for an injury arising out of and in the course and scope of his employment `bears the burden of proving the existence of his disability and its extent.'" Johnson v. Southern Tire,358 N.C. 701, 599 S.E.2d 508 (2003). Plaintiff has failed to carry this burden in this case.
2. Although an employment-related accident "`need not be the sole causative force to render an injury compensable', the plaintiff must prove that the accident was a causal factor by a `preponderance of the evidence.'" Holley v. ACTS, Inc.,357 N.C. 228, 231-32, 581 S.E.2d 750, 752 (2003) (internal citations omitted).
3. As stated in Holley v. Acts, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003):
 In cases involving `complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.' `However, when such expert opinion testimony is based merely upon speculation and conjecture, . . . it is not sufficiently reliable to qualify as competent evidence on issues of medical causation.' The evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must be sufficient competent evidence tending to show a proximate causal relation.'
(internal citations omitted) (alteration in original). Although "[d]octors are trained not to rule out medical possibilities no matter how remote[,]" a "mere possibility has never been legally competent to prove causation." Holley v. ACTS,Inc., 357 N.C. 228, 234, 581 S.E.2d 750, 754 *Page 7 
(2003). Indeed, "`[t]o establish the necessary causal relationship for the injury to be compensable under the Act, `the evidence must be such as to take the case out of the realm of conjecture and remote possibility.'" Whitfield v. Lab. Corp. of America,158 N.C. App. 341, 581 S.E.2d 778 (quoting Demery v. Converse,Inc., 138 N.C. App. 243, 248, 530 S.E.2d 871, 875 (2002) (quotingGilmore v. Hoke County Bd. of Educ.,222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942). In this matter, there is no testimony from any of Plaintiff's treating physicians as to the causal relationship between the June 29, 2007 near accident and any back condition. The initial medical reports do not even reference the near accident. Furthermore, Plaintiff reported to at least two medical providers that she had been experiencing back pain prior to the near accident. The first mention of the near accident in the medical records does not occur until August of 2007, one month after Plaintiff was terminated by Defendant-Employer. While those records note the near accident, they do not offer any opinion as to what caused or aggravated Plaintiff's back condition. These records themselves do not establish the necessary causal testimony required by Holley v. ACTS, Inc.357 N.C. 228, 234, 581 S.E.2d 750, 754 (2003).
4. "Disability" is defined by the Workers' Compensation Act as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9). Notably, it refers to the diminished capacity to earn wages rather than to any physical impairment or infirmity. Priddy v. Cone Mills Corp.,58 N.C. App. 720, 721, 294 S.E.2d 743, 744 (1982).
5. For an employee to be considered "disabled" under the Act, the Industrial Commission must find that: (1) the employee "was incapable after his injury of earning the same wages he had earned before his injury in the same employment;" (2) the employee "was incapable after his injury of earning the same wages he had earned before his injury in any other *Page 8 
employment;" and (3) the employee's "incapacity to earn was caused by [his] injury." Hilliard v. Apex Cabinet Co.,305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). "It is an employee's post-injury earning capacity rather than an employee's actualwages which are relevant in assessing disability." McGee v.Estes Exp. Lines,125 N.C. App. 298, 300, 480 S.E.2d 416, 418 (1997) (emphasis in original). In other words, an employee can have the capacity to work even if she is actually earning no wages at all. See id. The employee, not the employer or carrier, bears the burden of proving "both the extent and the degree of his disability." Brown v. S NCommunications, Inc.,124 N.C. App. 320, 329, 477 S.E.2d 197, 202 (1996). The competent, credible evidence fails to establish that Plaintiff is disabled as a result of the near accident of June 29, 2007. Furthermore, Plaintiff could still be working for Defendant-Employer had she not been terminated for insubordination, and Plaintiff is capable of obtaining work in a variety of fields, as evidenced by her previous work experience and the most recent job she obtained. Plaintiff has provided no evidence that she has actively sought employment but has been unable to obtain employment as a result of any back condition.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the undersigned makes the following:
 AWARD
1. Plaintiff's claim for benefits is hereby DENIED.
2. Each side shall bear its own costs.
This the 22nd day of March, 2010.
 S/___________________ *Page 9 
DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ STACI MEYER COMMISSIONER
 S/_____________ DANNY L. McDONALD COMMISSIONER *Page 1