***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement, incorporated herein by reference, and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At all relevant times the parties are properly before the Industrial Commission, and the Commission has jurisdiction of the parties and of the subject matter. The parties are subject to and are bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff-employee and defendant-employer on September 12, 2000, the date of the admittedly compensable injury by accident.
3. Defendant Montgomery One Beacon Insurance Co. was the carrier at risk at all relevant times herein.
4. Plaintiff's average weekly wage was $825.68 per week, yielding a compensation rate of $550.48 at all relevant times herein.
5. The parties submitted a Pre-trial agreement and various stipulated exhibits.
 ***********
Based upon the credible evidence of record and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 38 years old. Plaintiff graduated from high school and had an honorable discharge from the United States Marines.
2. Plaintiff sustained an admittedly compensable left inguinal hernia that required a left inguinal hernia repair in March 2001, and then was diagnosed with a left variococele and bilateral epididymitis and bilateral hydroceles which were surgically addressed with a varicocelectomy on July 12, 2001. Said surgeries were necessary to treat plaintiff's admitted injury.
3. On October 1, 2001, plaintiff presented to Dr. Samuel Storch, a urologist, with testicular tenderness and pain. Dr. Storch opined that there was no explanation from a urologic standpoint establishing plaintiff's condition was related to the September 12, 2000 injury by accident. Dr. Storch further opined there was no varicocele or urologic explanation for the pain plaintiff reported as of October 2001.
4. Dr. Storch referred plaintiff to Dr. Bruce Solomon, a neurologist. After examining plaintiff and reviewing the test results, Dr. Solomon opined there was no neurologic explanation for his symptoms and gave a diagnosis of bilateral groin pain of undetermined etiology.
5. On February 19, 2002, plaintiff presented to Dr. Walsh, a board certified physiatrist. Dr. Walsh diagnosed plaintiff with complex regional pain syndrome which occurs after the body has had time to heal and the trauma or injury has resolved but the patient is left with a localized chronic pain disorder.
6. Defendants admitted liability for plaintiff's injury by filing a Form 60, Employer's Admission of Employee's Right to Compensation, on May 23, 2002 and reported plaintiff's right to injury by accident on September 12, 2000.
7. Defendants filed a Form 24, Application to Terminate or Suspend Payment of Compensation, which was denied by the Commission in an Administrative Order, dated July 12, 2002.
8. The competent evidence in the record establishes that no objective anatomic source has been given for plaintiff's symptoms. The undersigned give great deference to Drs. Storch and Solomon's opinions and testimony and the credible evidence of record further establishes that there is not a causal link between plaintiff's compensable September 12, 2000 injury by accident and the plaintiff's continued testicular pain and problems. The undersigned give greater weight to the testimony and opinions of Drs. Storch and Solomon rather than to Dr. Walsh regarding any causal relationship between plaintiff's September 12, 20000 injury by accident and any pain plaintiff experienced subsequent to his hernia repair. Furthermore, the undersigned give greater weight to Drs. Storch and Solomon opinions regarding the cause of plaintiff's symptoms than to Dr. Walsh's belief that plaintiff's hernia symptoms have continued. Dr. Walsh's opinions do not reflect an explanation for the absence of neurologic, urologic or anatomic sources for plaintiff's symptoms. Plaintiff has failed to prove that his testicular pain and tenderness or his need for medical treatment is due to his work-related injury by accident.
9. The competent evidence in the record further establishes that plaintiff's post surgical pain and tenderness are not the natural result of or causally related to his September 12, 2000 injury by accident.
10. On February 19, 2002, plaintiff underwent a Functional Capacity Evaluation with Ms. Valerie Beltrane, a physical therapist, which indicated plaintiff put forth "poor effort" during the evaluation and revealed plaintiff could perform light-medium work.
11. A surveillance videotape of plaintiff's activities demonstrated he was physically capable of bending, squatting, lifting his leg(s) to mount/dismount a motorcycle, riding a motorcycle and walking around. Furthermore, after the September 12, 2000 injury by accident, plaintiff had been on several extended road trips and continued to ride his motorcycle.
12. Rebecca McKenzie, human resources manager with defendant/employer, testified at the hearing before the Deputy Commission that plaintiff was offered his pre-injury position with any necessary accommodations but plaintiff refused the position. The defendant/employer also offered plaintiff his pre-injury average weekly wage and kept this position open for a year but plaintiff unjustifiably refused to return to work.
13. The greater weight of the evidence supports a finding that plaintiff's ability to earn wages has not been impaired due to the September 12, 2000 injury by accident and that he maintains no continuing disability. The record establishes that plaintiff failed to make diligent efforts to seek employment opportunities that he was capable of performing.
14. The competent evidence in the record further establishes that the position plaintiff was offered by defendant/employer was suitable employment and did not constitute "make work".
15. Based on the totality of the evidence of record, the undersigned find that plaintiff failed to establish he continues to be disabled as a result of his September 12, 2000 injury by accident.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The burden of proving each and every element of compensability is upon Employee-Plaintiff. Harvey v. Raleigh Police Dept., 96 N.C. App. 28,384 S.E.2d 549 (1989).
2. Defendants admitted compensability of plaintiff's injury by accident by filing a Form 60 on May 23, 2002. However, the Form 60 does not create a presumption of continuing disability and therefore the burden of proving disability remains with plaintiff. Sims v. Charmes/Arby's RoastBeef, 142 N.C. App. 154, 542 S.E.2d 277 (2001)
3. In order to meet the burden of proving disability, plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982). In the present case, the plaintiff failed to prove that his ability to earn was impaired and continued to be impaired. N.C. Gen. Stat. §§ 97-2(9); 97-29; Russell V. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
4. Plaintiff failed to carry the burden of proof to establish that he continued to be disabled and therefore he is not entitled to further benefits under the Act
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional benefits is and under the law must be DENIED.
2. Each side shall pay its own costs.
This the ___ day of April, 2004.
 S/_____________ Pamela T. Young Commissioner
Concurring:
 S/____________ BUCK LATTIMORE Commissioner
 S/_____________ Thomas J. Bolch Commissioner