I concur in the majority's decision that plaintiff's termination from employment was not shown to have been for misconduct for which a non-disabled employee would have been terminated pursuant to Seagraves v.Austin Co. of Greensboro, 123 N.C. App. 228, 472 S.E.2d 397 (1996). However, I respectfully dissent from the majority's award of continuing total disability compensation to plaintiff.
Plaintiff's claim was accepted by defendants, but the burden of proving continuing disability remains with plaintiff. Sims v. Charmes/Arby'sRoast Beef, 142 N.C. App. 154, 542 S.E.2d 277 (2001). In order to meet the burden of proving disability, plaintiff must prove that she was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982).
An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that she is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that she is capable of some work, but that she has, after a reasonable effort, been unsuccessful in her efforts to obtain employment; (3) evidence that she is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that she has obtained other employment at wages less than her pre-injury wages. Demery v. Perdue Farms,Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). When a plaintiff meets her burden of showing disability, the burden then shifts to defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Demery v.Perdue Farms, Inc., supra.
In the case at bar the greater weight of the evidence shows that after her termination and as of June 30, 2003, plaintiff was capable of some work, that it would not have been futile for her to look for work due to pre-existing conditions, that plaintiff did not make a reasonable effort to find other employment, and that no doctor took her out of work. Demery v.Perdue Farms, Inc., supra. On April 18, 2003, Dr. St. Clair released plaintiff to return to full-duty work with no restrictions. Dr. Furr subsequently released plaintiff to her regular job with no heavy lifting on June 30, 2003. Plaintiff testified that she tried cleaning jobs at Lowe's and at a cleaning service where a friend worked, but was unable to perform the job duties. While plaintiff is to be commended for her brief but unsuccessful attempts to return to work, the evidence shows that she did not make a reasonable job search. In fact, at the time of the Deputy Commissioner's hearing, plaintiff was attending community college to be trained in secretarial skills and had removed herself from the employment market.
After June 30, 2003, plaintiff failed to prove that she was unable to obtain employment after a reasonable effort or that it was futile for her to seek employment because of other factors. She was capable of some work and no doctor took her out of work. Russell v. Lowes ProductDistribution, supra. It is my opinion that plaintiff is not entitled to any compensation after June 30, 2003. N.C. Gen. Stat. § 97-29. Therefore, I must respectfully dissent in part from the Opinion and Award of the majority.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER