The undersigned respectfully dissents from the Opinion and Award of the majority reversing the decision of Deputy Commissioner DeLuca. I believe that plaintiff has failed to prove that she is currently disabled due to her compensable work injury, and plaintiff needs no further medical treatment for her compensable injuries.
I believe that the majority errs in finding that plaintiff's current symptoms are related to the compensable injury. The majority notes in Finding of Fact No. 31 that "plaintiff's onset of leg pain began approximately September 21, 2000, and both [Dr. Lawrence and Dr. Olsen] noted that a motor vehicle accident could have caused the rod to break in plaintiff's right leg." This is clearly in contradiction to the standards set forth in Holley v.Acts, 357 N.C. 228, 581 S.E.2d 750 (2003), and Young v.Hickory Business Furniture, 353 N.C. 227, 538 S.E. 2d 912
(2000). Causation must be established by evidence "such as to take the case out of the realm of conjecture and remote possibility." Holley, 357 N.C. at 232, 581 S.E. 2d at 753. The greater weight of the expert medical evidence including both the medical records and deposition testimony is insufficient to prove causation of plaintiff's condition, as all of these physicians' opinions do not rise above the level of a guess or mere speculation. The medical evidence presented by plaintiff in this matter is undoubtedly insufficient to prove that plaintiff's current symptoms are related to her compensable injuries.
Plaintiff bears the burden of proof by the greater weight of the evidence that she is disabled and the extent of her disability within the meaning of the Act. Sims v. Charmes/Arby'sRoast Beef, 142 N.C. App. 154, 542 S.E.2d 277 (2001). Plaintiff contends that the videotape which defendants presented to Dr. Lawrence showed her roommate in various frames, and this videotape skewed the testimony of Dr. Lawrence. Even assumingarguendo that the person in the videotape is not plaintiff, she has presented insufficient evidence to show that she is currently disabled. The testimony of Dr. Olson shows that plaintiff had no work restrictions as a result of her compensable injuries. No competent evidence was presented by plaintiff proving disability.
Based upon the greater weight of the competent evidence, I feel plaintiff's current claims are without merit. Plaintiff should not be entitled to further disability benefits or medical compensation.
Accordingly, I dissent
This the ____ day of ______, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN