The undersigned respectfully dissents in part from the Opinion and Award of the majority in this matter. The majority has erred in finding that plaintiff has established entitlement to ongoing disability payments. Plaintiff bears the burden of proof by the greater weight of the evidence that he is disabled and the extent of his disability within the meaning of the Act. Sims v.Charmes/Arby's Roast Beef, 142 N.C. App. 154, 542 S.E.2d 277
(2001). The question is whether plaintiff is incapable of work inany employment. See Demery v. Perdue Farms,143 N.C. App. 259, 545 S.E.2d 485 (2001). The competent evidence of record fails to show that plaintiff is completely incapable of performing any work.
The majority finds that plaintiff has been unsuccessful in his efforts to obtain employment in his prior field, and that a job search for work outside the field of truck driving would be futile without vocational re-training. I disagree. The evidence fails to show that retraining is necessary at this time, as plaintiff has not even attempted to secure other employment at this time. Plaintiff testified that he had not submitted any
applications in a field which would be within his assigned work restrictions. It is clear from the greater weight of the evidence that plaintiff has failed to make a reasonable job search. Accordingly, I believe it is inappropriate to award plaintiff ongoing disability benefits.
This the __ day of ____, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN