***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Hall with minor modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. On November 2, 2006, on the day of the alleged injury by accident giving rise to this claim, the above-noted parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On November 2, 2006, and at all relevant times, an employee/employer relationship existed between Plaintiff and Employer.
3. On November 2, 2006, and at all relevant times, the North Carolina Department of Correction is self-insured with Key Risk Management Services, Inc. as the third-party administrator.
4. Plaintiff alleges that on November 2, 2006, he sustained an injury by accident. Defendant completed a Form 19 on November 14, 2006. Defendant denies that Plaintiff's current shoulder and arm problems are causally related to his November 2, 2006 injury.
5. Plaintiff's average weekly wage will be determined pursuant to a Form 22 to be submitted at the hearing of this claim.
6. Plaintiff is a salary continuation employee. His average weekly wage will be determined pursuant to a Form 22.
7. The parties' issues are:
 a. Did Plaintiff experience a compensable injury by accident on or about November 2, 2006?
 b. Did Plaintiff experience a compensable injury by accident to his right hand, arm, and shoulder when he fell at work on or about November 2, 2006?
 c. To what, if any, indemnity compensation is Plaintiff entitled as a result of *Page 3 
the accidental injury on or about November 2, 2006?
 d. To what, if any, medical compensation is Plaintiff entitled as a result of the accidental injury on or about November 2, 2006?
 d. Are Plaintiff's right hand, arm, and shoulder conditions the result of non-work related activities or a pre-existing medical condition?
 ***********
The following were marked and received into evidence as:
 EXHIBITS 1. Stipulated Exhibit 1 — Medical records.
 2. Stipulated Exhibit 2 — Discovery responses.
 3. Stipulated Exhibit 3 — DOC WC-4 forms.
 4. Stipulated Exhibit 4 — Personnel file.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACTS
1. Plaintiff was 56 years old at the time of the hearing before the Deputy Commissioner. He is a high school graduate with additional training provided through the Department of Correction (DOC).
2. On or about November 2, 2006, Plaintiff was working as a Correctional Officer for Defendant-Employer at Craggy Correctional Center. Plaintiff was walking over broken pavement when he turned his left ankle on a rock and fell on the ground.
3. At the time of Plaintiff's November 2, 2006 injury, his job duties included CPR, self defense, successfully completing the Department's In-Service Training of firearms, engaging *Page 4 
in duties associated with apprehension of escaped/fleeing inmates, performing searches of inmates, and other duties.
4. After Plaintiff's November 2, 2006 fall, he treated two weeks later on November 14, 2006 at Sisters Mercy Urgent Care for a rib contusion and a left ankle sprain. Plaintiff did not report any right shoulder pain.
5. Plaintiff was placed on light duty restrictions from November 14, 2006 through November 21, 2006 including no prolonged standing/walking and to avoid potential altercations.
6. Plaintiff received no additional medical treatment, nor did he request further treatment from Key Risk Management Services. Shortly after, he passed re-certification training at DOC.
7. Over a year later on December 27, 2007, Plaintiff reported to Sisters of Mercy Urgent Care complaining of right shoulder problems. Plaintiff alleged that his right shoulder problems occurred as a result of his November 2, 2006 fall. This was the first reference to right shoulder pain.
8. On December 31, 2007, Dr. Donald L. Mullis of Asheville Orthopedic Associates noted that Plaintiff did not have an acute problem in his right shoulder. X-rays of the cervical spine revealed multiple levels of degenerative disc disease. Dr. Mullis opined that Plaintiff had degenerative osteoarthritis in the acromioclavicular joint of the right shoulder with a possible rotator cuff problem.
9. On January 2, 2008, a MRI of the right shoulder revealed a full thickness tear of the distal anterior supraspinatus tendon.
10. On January 4, 2008, Dr. Mullis recommended a subacromial decompression with acromioplasty. *Page 5 
11. Dr. Mullis notes do not indicate to a reasonable degree of medical certainty that Plaintiff's right shoulder injury was related to his November 2, 2006 incident.
12. Plaintiff was referred for a second opinion with Dr. Angelo C. Cammarata of Blue Ridge Bone Joint.
13. On February 8, 2008, Dr. Cammarata diagnosed Plaintiff with a right shoulder full thickness rotator cuff tear, AC joint arthropathy, and Type II acromion. Dr. Cammarata's notes state, "It was explained to him that I can document the facts as he does present those, but I am not the one ultimately responsible for determining Workmens' Comp injuries, especially with this being a year-and-a-half old, but I would gladly forward current documentation as he requests."
14. On March 13, 2008, Dr. Cammarata performed surgery on Plaintiff's shoulder.
15. On August 13, 2008, Dr. Cammarata opined that employee was at maximum medical improvement, and assigned a 10% permanent partial disability rating to his right arm.
16. Plaintiff is still employed with Defendant at the same or greater wages.
17. On October 6, 2008, the parties deposed Dr. Cammarata. On direct examination, Dr. Cammarata was asked to assume that Plaintiff had no other traumatic events or accidental injury between November 2, 2006 and the March 13, 2008 surgery, did he think the fall as described by Randy Hyatt produced the problems that resulted in surgery. Dr. Cammarata replied, "I think a fall on a shoulder definitely can cause a rotator cuff tear, and by the history that he provided and, really, with no interim injuries, then with it being temporally related to what he is describing, I think it's plausible that that could have happened at that time."
18. The competent evidence showed that Dr. Cammarata based his opinion on the medical history provided by Plaintiff that his right shoulder problems happened at the time of the *Page 6 
fall.
19. Dr. Cammarata's opinion was not stated to a reasonable degree of medical certainty, but was based on speculation that Plaintiff's right shoulder problems started on November 2, 2006.
20. Dr. Cammarata admitted that he did not review Plaintiff's medical records in November 2006, and that he did not know that the first time Plaintiff was treated for right shoulder pain was on December 27, 2007.
21. Dr. Cammarata testified that the most common causes for a rotator cuff tear are falls or lifting type of injuries, and degenerative tear from natural deterioration.
22. Dr. Cammarata stated that a rotator cuff tear can happen from weight lifting. One of Plaintiff's hobbies is weight lifting. He has been weight lifting at least three times per week for over 10 years on a regular basis and would bench press anywhere from 300 pounds to 135 pounds.
23. Dr. Cammarata also testified that a person can develop a rotator cuff tear without trauma and stated that it is hard to determine whether Plaintiff's rotator cuff tear was a degenerative tear or a traumatic tear.
24. When viewed in the entirety, Dr. Cammarata's testimony was based on a post hoc, ergo propter hoc theory. Dr. Cammarata's testimony does not persuasively establish that Plaintiff's right arm and shoulder problems are related to his November 2, 2006 injury and does not establish a causal relationship. Dr. Cammarata gave no definitive opinion to a reasonable degree of medical certainty as to causation based on his medical treatment of Plaintiff.
25. The evidence fails to show that Plaintiff's right shoulder and arm problem is causally related to his November 2, 2006 fall. *Page 7 
26. Plaintiff did not present any medical evidence to support a claim for disability to his right hand.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On November 2, 2006, Plaintiff sustained a compensable injury by accident. N.C. Gen. Stat. § 97-2.
2. Expert medical testimony that is speculation or conjecture is insufficient to support a causal connection between a Plaintiff's condition and a workplace incident. In this case, Plaintiff has produced insufficient evidence to prove that his compensable injury on November 2, 2006 caused, exacerbated, or aggravated his right shoulder and arm condition. Holly v. ACTS, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003); Young v. Hickory Bus.Furn., 353 N.C. 227, 538 S.E.2d 912 (2000); Hodgin v.Hodgin, 159 N.C. App. 635, 583 S.E.2d 362 (2003); Edmonds v.Fresenius Medical Care, 359 N.C. 313, 608 S.E.2d 755 (2005),reversing and adopting dissent in Edmonds v. Fresenius MedicalCare, 165 N.C. App. 811, 600 S.E.2d 501 (2004) (emphasis added).
3. An expert's opinion that [is] solicited through the assumption of facts unsupported by the record is entirely based on conjecture."Thacker v. City of Winston Salem,125 N.C. App. 671, 482 S.E.2d 20 (1997).
4. Given the expert medical evidence presented in this case, Plaintiff has failed to meet his burden of proving compensable disability subsequent to November 21, 2006 when he was released from light duty restrictions. Sims v. Charmes/Arby's Roast Beef,142 N.C. App. 154, *Page 8 542 S.E.2d 277 (2001).
 ***********
Based upon the foregoing stipulations, findings of facts, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits for his right arm, shoulder, and hand is DENIED.
2. Each side shall bear its own court costs.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ DANNY LEE McDONALD COMMISSIONER