***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms, with modifications, the Opinion and Award of Deputy Commissioner Houser.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-trial Agreement, which was admitted into the record and marked as Stipulated Exhibit (1) as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of the parties.
3. On August 15, 2008, the date of injury, this cause was subject to the North Carolina Workers' Compensation Act.
4. On that date, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
5. On all relevant dates, defendant-employer was insured by Hartford Mutual Insurance Company.
6. Plaintiff's injury which is the subject of this cause is a right ankle injury.
7. Plaintiff's average weekly wage at the time of injury was determined to be $864.71 pursuant to an Industrial Commission Form 60 filed on September 16, 2008.
8. Plaintiff currently does not work for defendant-employer, as he was terminated on March 1, 2009 after a positive drug screen.
9. At and subsequent to the hearing, the parties submitted the following:
 a. A Packet of Medical Records, which was admitted into the record and marked as Stipulated Exhibit (2);
 b. A Packet of Industrial Commission Forms and Filings, which was admitted into the record and marked as Stipulated Exhibit (3);
 c. A Packet of Discovery Responses, which was admitted into the record and marked as Stipulated Exhibit (4) and;
 d. A Packet of Documents related to a Second Opinion by Dr. Robert A. *Page 3 
Blake, which is admitted into the record and marked as Stipulated Exhibit (5).
10. Also made part of the record are the depositions of Dr. James R. Skahen, III, and Dr. Robert A. Blake.
 *********** ISSUES TO BE DETERMINED
1. Whether Plaintiff is entitled to further medical treatment and vocational rehabilitation services?
2. Whether Plaintiff has met his burden of proving that he is disabled as the result of his injury by accident subsequent to being assigned a permanent partial disability rating and released to return to work without restrictions thereby entitling him to be paid additional total disability compensation?
 ***********
Based upon all of the competent credible evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff is 28 years of age, having a date of birth of December 28, 1982. Prior to working for Defendant-Employer, Plaintiff worked as a hotel front desk clerk and as a commercial electrical laborer.
2. Plaintiff was employed by Defendant-Employer as a laborer. In that capacity, Plaintiff's duties included gluing pieces of pipe together, and then placing the attached pipes in a ditch. In order to accomplish his duties, Plaintiff was required to lift as much as 200 to 300 pounds with another person and to stand throughout the work day. *Page 4 
3. On August 15, 2008, Plaintiff sustained an admittedly compensable injury by accident involving his right ankle arising out of and in the course of his employment with Defendant-Employer. The injury occurred on a construction site when a golf cart, driven by Plaintiff's foreman, in which Plaintiff was riding overturned, pinning his right ankle underneath it.
4. The compensability of Plaintiff's right ankle injury was admitted by Defendants through an Industrial Commission Form 60 filed on September 16, 2008.
5. Subsequent to his injury by accident, Plaintiff was transported to Carolinas Medical Center-Northeast where x-rays revealed that he had sustained a bimalleolar fracture to his right ankle. Plaintiff then underwent an open reduction internal fixation surgical procedure performed by Dr. James R. Skahen, III to repair his right ankle.
6. On August 25, 2008, Plaintiff returned to Dr. Skahen, who noted that his right-ankle was stable and that the hardware was well positioned. Also on that date, Plaintiff's right ankle was placed in a splint because it was too swollen for a regular cast. On September 10, 2008, Dr. Skahen noted that Plaintiff had a reasonable range of motion in his right-ankle, that the fractures were healing well, and that the hardware remained stable. Dr. Skahen placed Plaintiff into a CAM walker and allowed him to bear weight as tolerated.
7. On October 15, 2008, Plaintiff returned to Dr. Skahen who found that Plaintiff's right ankle fracture was stable. On that date, Dr. Skahen instructed Plaintiff that he could discontinue use of his walker boot and crutches. Additionally, Dr. Skahen recommended that Plaintiff continue with his home exercises and therapy, and remain out of work.
8. On November 13, 2008, Plaintiff returned to Dr. Skahen who noted that, although Plaintiff continued to experience some right-ankle stiffness, he had regained a very functional *Page 5 
level of motion and had minimal discomfort. Also on that date, Dr. Skahen released Plaintiff to return to full-duty work as of November 17, 2008.
9. Thereafter, Plaintiff returned to full-duty work for Defendant-Employer on November 17, 2008.
10. Plaintiff testified that after returning to work at full-duty, he experienced significant difficulty performing his work due to ongoing right ankle symptoms. Plaintiff further testified that after returning to full-duty work, he actually spent most afternoons sitting in a truck with his foot propped up because of right ankle pain and swelling.
11. Plaintiff's employment with Defendant-Employer was terminated on March 1, 2009.
12. On March 25, 2009, Dr. Skahen opined that Plaintiff had reached maximum medical improvement for his work-related injury, and assigned a ten percent permanent partial disability rating to Plaintiff's right foot/ankle.
13. Following his termination by Defendant-Employer, Plaintiff obtained part-time work with Convention Solutions for approximately two weeks helping to set up for trade shows. Plaintiff worked part-time because the employer did not have full-time work available. Plaintiff testified that he quit the position with Convention Solutions due to right ankle symptoms.
14. In May 2009, Plaintiff secured employment with Lake Electrical Company, working approximately 60 hours per week and earning $10.00 per hour. Plaintiff's duties in that position included operating equipment and laying electrical lines. On May 26, 2009, Plaintiff was involved in a single vehicle motorcycle accident. Plaintiff contends that he left the position with Lake Electrical Company due to right ankle symptoms resulting from his August 15, 2008 work-related injury. The Full Commission finds, however, based upon the preponderance of *Page 6 
evidence in view of the entire record, including Plaintiff's own testimony given at the hearing before the Deputy Commissioner, that Plaintiff voluntarily separated from that employment following his motorcycle accident due to the injuries associated therewith.
15. On April 5, 2010, Plaintiff sustained a left knee ligament tear injury while at the beach. Although Plaintiff denied the same, medical records reflect that this injury was sustained while he was playing football.
16. Based upon the preponderance of evidence in view of the entire record, the Full Commission finds that Plaintiff has failed to produce sufficient evidence upon which to conclude that any inability to earn wages or any diminished wage earning capacity he may have experienced following his termination from employment with Defendant-Employer on March 1, 2009 was due to his August 15, 2008 injury by accident.
17. On August 3, 2009, Dr. Robert A. Blake performed a second opinion evaluation regarding Plaintiff's permanent partial disability rating. Although the evaluation was supposed to be limited to that issue, in addition to assigning a fifteen percent permanent partial disability rating, Dr. Blake opined that Plaintiff's then current ankle problems were the direct and natural result of his August 15, 2008 injury by accident.
18. The Full Commission accords no weight to the opinions of Dr. Blake due to the fact that his opinions, to a significant degree, were based upon inaccurate history provided by Plaintiff.
 ***********
The foregoing Stipulations and Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. On August 15, 2008, Plaintiff sustained an admittedly compensable injury by *Page 7 
accident arising out of and in the course of his employment with Defendant-Employer involving his right ankle. N.C. Gen. Stat. § 97-2(6).
2. Defendants admitted the compensability of Plaintiff's injury by accident by filing a Form 60. However, the Form 60 does not create a presumption of continuing disability and therefore the burden of proving disability remains with Plaintiff. Sims v. Charmes/Arby'sRoast Beef, 142 N.C. App. 154, 542 S.E.2d 277, disc. reviewdenied, 353 N.C. 729, 550 S.E.2d 782 (2001).
3. In order to meet the burden of proving disability, Plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury.Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that he is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that he is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than his pre-injury wages. Demery v.Perdue Farms, Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001);Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993) (citations omitted). When a plaintiff meets his burden of showing disability, the burden then shifts to defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Demery v. Perdue Farms., Inc., supra. *Page 8 
4. In the instant case, Plaintiff has failed to produce sufficient evidence upon which to conclude that any inability to earn wages or any diminished wage earning capacity he may have experienced following his termination on March 1, 2009 was due to his August 15, 2008 work-related injury by accident. Hilliard v.Apex Cabinet Co., supra. Plaintiff has reached maximum medical improvement for his work-related injury, and was released to return to full duty work by Dr. Skahen on November 17, 2008. Following his termination from employment with Defendant-Employer, Plaintiff obtained new employment, including the position with Convention Solutions, and the position with Lake Electric. Although Plaintiff contends that he quit the position with Convention Solutions due to right ankle symptoms resulting from his August 15, 2008 injury by accident, this contention is contradicted by the fact that Plaintiff accepted a position with Lake Electric working 60 hours per week shortly after quitting the Convention Solutions position. Furthermore, while Plaintiff contends that he also quit the Lake Electric position due to right ankle symptoms resulting from his August 15, 2008 injury by accident, the evidence of record, including Plaintiff's own testimony, shows he left voluntarily due to injuries he sustained in connection with his May 26, 2009 motorcycle accident. Plaintiff has failed to show that any attempt to find employment would be futile. Russell v.Lowes Product Distribution, supra.
5. As the result of his August 15, 2008 work-related injury by accident, Plaintiff is entitled to be paid by Defendants permanent partial disability compensation at the rate of $576.50 for a period of 14 weeks for the ten percent permanent impairment rating to his right foot assigned by Dr. Skahen. N.C. Gen. Stat. § 97-31(23).
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full *Page 9 
Commission enters the following:
 AWARD
1. Defendants shall pay to Plaintiff permanent partial disability compensation at the rate of $576.50 for a period of 14 weeks for the ten percent permanent impairment rating to his right foot. This compensation, which totals $8,071.00, shall be paid to Plaintiff in a lump sum, subject to the attorney's fee approved below.
2. As Plaintiff's attorney's fee, Defendant shall deduct 25 percent of the lump sum amount due under Paragraphs 1 above and pay said portion directly to counsel for Plaintiff.
3. Defendants shall pay the costs.
This the ___ day of July, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1