***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS in part and REVERSES in part the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. On September 26, 1997, plaintiff was injured or sustained an occupational disease.
2. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. An employer-employee relationship existed between the parties.
4. Companion Property Casualty was the carrier on the risk.
5. Plaintiff's average weekly wage is $403.85, yielding a compensation rate of $269.25.
6. The following documents were entered into the record as:
a. Stipulated Exhibit #1 — Copies of medical records.
b. Stipulated Exhibit #2 — Copies of Industrial Commission forms.
7. The issues to be determined by the Commission are as follows:
a. What benefits plaintiff may be entitled to receive;
b. Whether plaintiff is permanently and totally disabled from competitive work;
c. What medical, psychiatric, or other care and treatment is necessary to give relief from plaintiff's compensable symptoms.
8. The depositions and medical records of Drs. Sarah B. Grimley, Brian T. Szura and Lei Zheng are made a part of the record. The depositions of Ms. Alice L. Farrar and Mr. Stephen D. Carpenter are also made a part of the record.
9. The Pre-Trial Agreement and all other stipulations that have been submitted by the parties are hereby incorporated by reference as if fully set out herein.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. On the date of the Deputy Commissioner's hearing, plaintiff was 30 years old. Plaintiff has a Bachelor of Arts degree in English and minors in Design and French. Plaintiff's work history is in graphic design. Prior to plaintiff's work with defendant-employer, she had no significant hand and arm injuries.
2. Plaintiff's work with defendants involved repetitive use of the hands, wrists, and arms, with activities increasing as deadlines approached. In her work as a graphic designer, plaintiff used computer programs that required extensive keyboard and mouse activities. Plaintiff's performance was good and she received pay raises from defendants.
3. On September 26, 1997, plaintiff sustained admittedly compensable injuries or occupational diseases to her hands, wrists, and arms. Plaintiff's claim was accepted and defendants have provided indemnity compensation to plaintiff through the present date and medical treatment as hereinafter described.
4. Shortly after September 26, 1997, plaintiff began a substantial course of medical treatment with multiple doctors, including, Dr. Wallace Andrew at Raleigh Orthopaedic Clinic, Dr. George S. Edwards, Jr. at Raleigh Hand Center, Dr. Brian T. Szura, orthopaedic surgeon at Cary Orthopaedic Sports Medicine, Dr. Nancy Allen, rheumatologist at Duke University, Sarah B. Grimley, Ph.D., a psychologist, and Dr. Lei Zheng, an acupuncture specialist.
5. Dr. Szura was plaintiff's primary treating orthopaedic surgeon. Dr. Szura first saw plaintiff on June 4, 1998 for bilateral upper extremity pain. At that time, Dr. Szura diagnosed plaintiff with bilateral chronic tendonitis. On September 1, 1998, Dr. Szura referred plaintiff to Dr. Scott Sanitate, physiatrist, for a chronic pain evaluation. On November 6, 1998, Dr. Szura recommended that plaintiff undergo nerve conduction studies. On May 2, 2000, plaintiff's last appointment with Dr. Szura, plaintiff reported that she had some pain relief from unconventional therapies, including myofascial release, splints with incorporated magnets, acupuncture, and herbal medicine. While Dr. Szura noted that he did not see any contraindication to her continuing any of the unconventional treatment, Dr. Szura did not specifically refer plaintiff to Carrie Bodane for massage therapy or to Dr. Zheng for acupuncture treatment. Dr. Szura referred plaintiff to Drs. Grimley and Allen while she was under his care.
6. At his deposition, Dr. Szura testified that plaintiff's injuries were likely permanent and bilateral, with pain increasing with activity. Dr. Szura testified that plaintiff has a complex pain syndrome and chronic pain, needs further medical care as prescribed, and is not malingering. In Dr. Szura's opinion, plaintiff was at maximum medical improvement as of May 2, 2000, from an orthopedic perspective. Dr. Szura had no reason to disagree with the opinion of defendants' vocational consultant, Alice Farrar, that full-time, competitive employment appeared to be unreasonable for plaintiff within the foreseeable future.
7. Dr. Grimley, an expert in the field of psychology, treated plaintiff since January 1998. Dr. Grimley testified that plaintiff's psychological condition was aggravated by the injuries to her hands and arms, and the chronic pain resulting from those injuries. In Dr. Grimley's opinion, the pain is real to plaintiff and chronic. Dr. Grimley felt that plaintiff needs psychological care and treatment. As of the time of Dr. Grimley's deposition, plaintiff had reached maximum psychological improvement. Dr. Grimley agreed that competitive employment for plaintiff appeared to be unreasonable within the foreseeable future. In Dr. Grimley's opinion, plaintiff was totally disabled at the time of the Deputy Commissioner's hearing and will likely remain disabled for the foreseeable future.
8. Dr. Lei Zheng, an expert in the field of acupuncture and herbal use, has treated plaintiff to give relief from her pain. Dr. Zheng described plaintiff's limitations and frustration with her condition.
9. Alice L. Farrar, a vocational consultant assigned by defendant-carrier, worked with plaintiff since January 1999. Ms. Farrar noted plaintiff has marketable skills but limited capacity to use them, and confirmed her opinion that full-time, competitive employment appeared to be unreasonable for plaintiff within the foreseeable future. In Ms. Farrar's opinion, any future vocational rehabilitation is not likely to restore plaintiff's wage-earning capacity without a significant medical change in her condition.
10. Stephen D. Carpenter, rehabilitation counselor/consultant, conducted a vocational evaluation of plaintiff. Mr. Carpenter noted deficiencies on several standard vocational tests measuring functional capacity. In Mr. Carpenter's opinion, plaintiff is not able to sustain competitive employment and noted plaintiff was depressed. Mr. Carpenter agreed with Ms. Farrar's opinion that plaintiff is not able to engage in competitive employment and agreed with Dr. Grimley's opinion that plaintiff is permanently and totally disabled.
11. The treatment rendered by plaintiff's health care providers, including, but not limited to, Drs. Edwards, Andrew, Szura, Allen, and Grimley has been reasonable and necessary to give plaintiff relief from her admittedly compensable, injury-related symptoms, including chronic hand and arm pain and resulting psychological problems.
12. Plaintiff does not have a current treating physician to manage her care and treatment for chronic pain, as recommended by Dr. Szura.
13. This claim was defended upon reasonable grounds.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendants admitted the compensability of plaintiff's injury or occupational disease on April 10, 2000 by filing a Form 60. However, the Form 60 does not create a presumption of continuing disability and therefore the burden of proving disability remains with plaintiff. Sims v.Charmes/Arby's Roast Beef, 142 N.C. App. 154, 542 S.E.2d 277 (2001).
2. In order to meet the burden of proving disability, plaintiff must prove that she was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. ApexCabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that she is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that she is capable of some work, but that she has, after a reasonable effort, been unsuccessful in her efforts to obtain employment; (3) evidence that she is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that she has obtained other employment at wages less than his pre-injury wages. Demery v.Perdue Farms, Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001); Russellv. Lowes Product Distribution, 108 N.C. App. 762, 425 S.E.2d 454
(1993). When a plaintiff meets her burden of showing disability, the burden then shifts to defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Demery v. Perdue Farms, Inc., supra.
3. In the instant case, plaintiff met her initial burden to show that she is disabled by producing medical evidence that she is physically and mentally, as the result of her compensable injury or occupational disease, incapable of work in any employment. Defendants have not shown that suitable jobs are available for plaintiff and that plaintiff is capable of obtaining a suitable job, taking into account plaintiff's physical, mental and vocational limitations. Demery v. Perdue Farms, Inc., supra. Plaintiff has been unable to earn the same wages in the same or other employment since September 26, 1997. Plaintiff is therefore entitled to total disability compensation at the rate of $269.25 per week for the period from September 26, 1997 through the present and continuing until plaintiff obtains employment at the same or greater wages or until further Order of the Commission. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to all medical and other treatment prescribed by a treating physician that is reasonably intended to either effect a cure, reduce plaintiff's symptoms, give relief, or lessen the period of her disability that is related to her compensable injury or occupational disease and resulting chronic pain and psychological problems. N.C. Gen. Stat. § 97-2(19).
5. Plaintiff's treatment with Drs. Edwards, Andrew, Allen, Szura, and Grimley has been reasonable and necessary to give plaintiff relief from her symptoms, and defendants shall pay any outstanding bills from each of these providers and reimburse plaintiff for any costs paid out-of-pocket. Plaintiff is not entitled to have defendants pay for treatment already received from Dr. Zheng and Ms. Bodane, as Dr. Szura, plaintiff's treating physician at the time, did not prescribe their treatment. N.C. Gen. Stat. §§ 97-2(19); 97-25.
6. Defendants defended this matter on reasonable grounds as there were legitimate issues for hearing and the defense was not based on stubborn unfounded litigiousness. Therefore, plaintiff is not entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v.Mountain Breeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff total disability compensation in the amount of $269.25 per week, subject to the attorney's fee awarded below, beginning September 26, 1997 and continuing until plaintiff obtains employment at the same or greater wages or until further Order of the Commission.
2. Defendants shall pay for all medical, rehabilitation, and other expenses incurred or to be incurred by plaintiff as a result of the compensable injury for so long as such evaluations, treatments, and examinations may reasonably be required to effect a cure, give relief, or lessen plaintiff's period of disability. This includes payment of the treatment provided by Drs. Edwards, Andrew, Szura, Allen, and Grimley.
3. A reasonable attorney's fee of 25% of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall bear the costs of this proceeding.
 *********** ORDER
This case is assigned to the Commission's Nurses Section for coordination of plaintiff's care. The Commission nurse shall contact the parties to determine a treating physician to manage all of plaintiff's care and a pain center on which the parties can agree. If the parties are unable to agree on the medical treatment, the Commission nurse shall make recommendations to the undersigned Commissioners and the Commission will designate a physician to manage plaintiff's medical care and a pain center.
This the 21st day of June, 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER
LKM/crb