***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission, are subject to and bound by the provisions of the Workers' Compensation Act, the Commission has jurisdiction over the parties and of the subject matter, and the employer-employee relationship existed between plaintiff and defendant-employer.
2. All parties are correctly designated, and there are no questions as to misjoinder or non-joinder of the parties.
3. Plaintiff sustained a compensable back injury on April 19, 2005. Defendant accepted the compensability of these claims by filing with the Industrial Commission a Form 63 Notice to Employee of Payment Without Prejudice.
4. Plaintiff's average weekly wage equals at a minimum $1,113.91 per week, which yields the maximum compensation rate for 2005 of $704.00 per week.
5. Following his compensable injury, defendant paid plaintiff temporary total disability benefits from November 23, 2005 through February 16, 2006.
6. Plaintiff returned to work for defendant-employer at his pre-injury job earning his pre-injury wages on February 16, 2006 and worked through May 18, 2008 at which time he resigned due to changes in his personal life.
7. Plaintiff was assigned a 7.5% permanent partial impairment rating to his back on January 31, 2007 by Dr. Jon Silver, which has not been paid by defendant.
8. The parties reached an agreement on one of the issues prior to the hearing before the Deputy Commissioner. Specifically, defendant-employer had denied surgical treatment for plaintiff's compensable back injury as recommended by Dr. Silver. After plaintiff attended a medical evaluation with Dr. Michael Goebel, defendant agreed to authorize the surgical *Page 3 
treatment with Dr. Silver. Defendant also agreed to reinstate temporary total disability benefits beginning the date of the surgery.
 *********** EXHIBITS
1. Stipulated Exhibit Number 1: Pre-Trial Agreement, Industrial Commission Forms and Medical Records.
2. Deposition transcripts of Dr. Jon M. Silver and Dr. Michael J. Goebel.
 ISSUES
1. Whether plaintiff is entitled to weekly temporary total disability benefits for the period of October 20, 2008 through July 15, 2009 as the result of his compensable injury; and
2. Whether plaintiff is entitled to an award of attorney's fees and sanctions pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 45 years old. Plaintiff began employment with the employer in 1992 as a registered nurse.
2. On April 19, 2005, plaintiff sustained a back injury, which was accepted as compensable by defendant.
3. On October 13, 2005, plaintiff presented to Dr. Jon Silver, a neurosurgeon, at the direction of defendant. Dr. Silver diagnosed plaintiff with an L5 radiculopathy secondary to a *Page 4 
disc herniation. On November 23, 2005, Dr. Silver performed a right L4-L5 micro-lumbar discectomy. In March of 2006, Dr. Silver released plaintiff to his regular duty work.
4. Plaintiff continued to work as a registered nurse in the anesthesia and post-recovery unit until May 18, 2008. Plaintiff resigned from his employment for reasons unrelated to his compensable work injury.
5. In January of 2008, plaintiff returned to Dr. Silver for follow-up of persistent pain in the lower back radiating to the right hip with numbness down the right leg. Dr. Silver recommended an MRI scan. Based on the findings, Dr. Silver recommended conservative treatment.
6. On October 20, 2008, plaintiff presented to Dr. Silver with similar complaints in his back and right hip. Dr. Silver recommended a repeat MRI scan to determine if surgery was warranted. At this visit, Dr. Silver wrote plaintiff out of work until his next appointment scheduled for November 3, 2008.
7. The MRI scan was not initially authorized by defendant. As a result, Dr. Silver continued to write plaintiff out of work due to his back condition.
8. In January of 2009, plaintiff underwent the MRI scan, which was paid by his personal health insurance. In May of 2009, plaintiff followed up with Dr. Silver to discuss the MRI and treatment options. The MRI scan revealed a persistent disc for which Dr. Silver recommended surgery. Dr. Silver continued to write plaintiff completely out of work.
9. From the period of October 2008 to July 15, 2009, plaintiff's symptoms remained unchanged. As a result of his evaluations of plaintiff and his review of the MRI scan, Dr. Silver wrote plaintiff completely out of work during the period of October 20, 2008 through July 15, 2009. *Page 5 
10. At his deposition taken on September 15, 2009, Dr. Silver stated that during the period he took plaintiff out of work, plaintiff could have returned to work if his restrictions were accommodated. However, Dr. Silver did not inform plaintiff that he was released to return to work at any time during the period October 20, 2008 through July 15, 2009.
11. On July 2, 2009, Dr. Michael Goebel performed an independent medical examination of plaintiff regarding the pending recommendation for surgery. Based on his evaluation, Dr. Goebel concurred with Dr. Silver's recommendation for surgery. Dr. Goebel indicated he would generally not write patients with a disc herniation completely out of work unless they were unable to tolerate the pain. Dr. Goebel releases his patients to some level of work with restrictions. In plaintiff's case, Dr. Goebel deferred to Dr. Silver's assessment of plaintiff's ability to work from October 20, 2008 to July 15, 2009.
11. Based on the totality of the competent evidence of record, plaintiff was totally disabled from any employment as the direct result of his compensable injury during the period of October 20, 2008 to July 15, 2009.
12. Defendant's defense of this claim does not amount to stubborn, unfounded litigiousness.
13. This matter was appealed to the Full Commission by defendant from an Opinion and Award awarding benefits and results in an affirmation of that award.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On April 19, 2005, plaintiff sustained a compensable injury to his back. N.C. Gen. Stat. § 97-2(6). *Page 6 
2. Defendant admitted the compensability of plaintiff's injury by accident on April 19, 2005 by filing a Form 63 with no subsequent denial being filed. The Form 63 does not create a presumption of continuing disability and therefore the burden of proving disability remains with plaintiff. See, Sims v. Charmes/Arby's RoastBeef, 142 N.C. App. 154, 542 S.E.2d 277, disc. reviewdenied, 353 N.C. 729, 550 S.E.2d 782 (2001).
3. An employee may meet his burden of proving disability in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work-related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but it would be futile because of pre-existing conditions,i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). When a plaintiff meets his burden of showing disability, the burden then shifts to defendant to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Demery v. Perdue Farms., Inc., supra.
4. In this case, plaintiff has met the first prong ofRussell by producing medical evidence that he was physically, as a consequence of the work-related injury, incapable of work in any employment from October 20, 2008 to July 15, 2009. Dr. Silver wrote plaintiff completely out of work as the result of his compensable injury during this period. Russell v. Lowes ProductDistribution, supra. *Page 7 
5. As the result of his compensable back injury, plaintiff was disabled from any employment and is entitled to payment by defendant of temporary total disability compensation at the maximum weekly compensation rate of $704.00 for the period of October 20, 2008 to July 15, 2009. N.C. Gen. Stat. § 97-29.
6. Defendant's defense of this claim does not amount to stubborn, unfounded litigiousness. Thus, plaintiff is not entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.Sparks v. Mountain Breeze Restaurant,55 N.C. App. 663, 286 S.E.2d 575 (1982).
7. Plaintiff is entitled to payment by defendant for the attorney's fees associated with the appeal to the Full Commission pursuant to N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee approved below, defendant shall pay plaintiff temporary total disability benefits at the weekly compensation rate of $704.00 for the period of October 20, 2008 through July 15, 2009. This amount has accrued and shall be paid in a lump sum.
2. A reasonable attorney's fee of 25% of the compensation due plaintiff under Paragraph 1 of this AWARD is hereby approved for plaintiff's counsel and shall be deducted from said accrued compensation and paid in one lump sum directly to plaintiff's counsel.
3. Plaintiff's counsel shall submit an affidavit or itemized statement in support of an award of reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88 within 10 days of the *Page 8 
filing of this Opinion and Award for the time expended preparing and litigating this appeal. Upon receipt of the affidavit, the Full Commission shall issue an order directing defendant to pay an additional attorney's fee directly to plaintiff's counsel.
4. Defendant shall pay the costs.
This 19th day of October, 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1